**GERARD C. RICKHOFF**      **DONNA KAY McKINNEY**

**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2016CI14887

**Name**: WILLARD LEWIS

**Date Filed** : 09/01/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 150

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : WILLARD LEWIS

**Style (2)** : vs ALLSTATE INDEMNITY COMPANY

EXHIBIT B

GERARD C. RICKHOFF    DONNA KAY McKINNEY
COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2016CI14887

**Name**:

**Date Filed** : 09/01/2016

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 150

**Docket Type** : DEBT/CONTRACT

**Business Name** : ALLSTATE INDEMNITY COMPANY

**Style** : WILLARD LEWIS

**Style (2)** : vs ALLSTATE INDEMNITY COMPANY

# Case History

*Currently viewing 1 through 4 of 4 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00003 | 11/23/2016 | ORIGINAL ANSWER OF<br>ALLSTATE INDEMNITY COMPANY AND REQUEST FOR DISCLOSURE |
| S00001 | 9/6/2016 | CITATION<br>ALLSTATE INDEMNITY COMPANY<br>ISSUED: 9/6/2016 RECEIVED: 10/31/2016<br>EXECUTED: 11/3/2016 RETURNED: 11/14/2016 |
| P00002 | 9/1/2016 | PETITION |
| P00001 | 9/1/2016 | JURY DEMAND JURY FEE PAID |

FILED
9/1/2016 12:26:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CITPPS W/JD SAC3

CAUSE NO. **2016CI14887**

| | | |
|---|---|---|
| WILLARD LEWIS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | **150** JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff WILLARD LEWIS, files this Original Petition against ALLSTATE INDEMNITY COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Bexar County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1



EXHIBIT B-1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Landlord's Package Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 5126 Village Path, San Antonio, Texas, 78218 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

On or about April 12, 2016 and during the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that

INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.

CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.   BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.   UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this

article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

2.  **THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

C.   **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been

properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

8

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
### REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
### FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a

9

claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372


BY: /s/Kevin S. Baker
    Kevin S. Baker
    State Bar No. 00797799
    kevin@krwlawyers.com
    Michelle C. Le
    State Bar No. 24085427
    michellel@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

PRIVATE PROCESS

Case Number: 2016-CI-14887

2016CI14887 S00001

**WILLARD LEWIS**
**VS.**
**ALLSTATE INDEMNITY COMPANY**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ALLSTATE INDEMNITY COMPANY

1999 BRYAN ST 900
DALLAS TX 75201
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of September, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 6TH DAY OF SEPTEMBER A.D., 2016.

PETITION

KEVIN S BAKER
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO AVE 302
SAN ANTONIO, TX 78232-2241



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____
OR:   VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

**EXHIBIT B-2**

FILED
11/23/2016 12:00:27 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isabel Lizcano

CAUSE NO. 2016CI14887

| | | |
|---|---|---|
| WILLARD LEWIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 150TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Defendant Allstate Indemnity Company ("Allstate") files its Original Answer to Plaintiff's Original Petition, and respectfully shows the Court the following:

### I. ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Allstate generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. REQUEST FOR DISCLOSURE

Under Rule 194, Defendant Allstate Indemnity Company requests that within 30 days of the service of this request, Plaintiff discloses the information or material described in Rule 194.2.

### III. PRAYER

WHEREFORE, Defendant Allstate Indemnity Company prays for final trial and hearing hereof, Plaintiff recovers nothing from Allstate, and that Allstate recovers its costs and have such other and further relief to which it may show itself justly entitled.

EXHIBIT B-3

Respectfully submitted,

/s/ R. Tate Gorman
R. Tate Gorman
State Bar No. 24032360
tgorman@thompsoncoe.com
Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
ALLSTATE INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on November 23, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and facsimile:

Kevin S. Baker
kevin@krwlawyers.com
Michelle C. Le
michellel@krwlawyers.com
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, TX 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

/s/R. Tate Gorman
R. Tate Gorman